neither the offer of Mr. Seidel to give the plaintiff a letter to Mr. Cook, in Brooklyn, nor his offer to have the stock book at the principal office in Jersey City on a subsequent day, was a compliance with the statute. The case of Kelsey v. Fermentation Co., 41 Hun, 20, cited by the defendant, has no application, for the reason that there the person who had the key to the safe where the stock book was locked up was out of town; that no one else knew the combination and could open the safe, and the defendant's president informed the stockholder that such person would be back early Monday morning, and that, if he would come in then, he could see the book; that, on Monday morning, the stockholder did go to the defendant's office, found the person who had the key to the safe, and saw the book. Here the situation is entirely different, because the stock book was not at the proper office when the plaintiff made the demand, and an opportunity for inspection was only offered at places other than such office. It would perhaps have been well for the justice to have admitted evidence of previous efforts to obtain an inspection of the book in question. Such testimony, in my opinion, would have tended to show the good faith of the plaintiff, and have had a bearing upon the validity of the excuse which the defendant's vice president gave in explanation of the refusal to permit such inspection.

For the foregoing reasons, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(24 Misc. Rep. 204.)

### LEVY v. AMERICAN WAX & PAPER MFG. CO.

(Supreme Court, Appellate Term. July 1, 1898.)

SALE—WARRANTY OF QUALITY.

    In an action for goods sold and delivered, it appeared that they were sold under a series of orders, the first of which described them as "prime" Japan wax and the bill rendered by the plaintiff described them in same terms. Each of the subsequent orders referred expressly to the previous one. It also appeared that the wax in question was grossly adulterated, and was not prime. *Held*, that the term employed constituted a warranty of the described quality, and that the defendant was entitled, under his counterclaim founded thereon, to recover such damages as he might be able to prove.

Appeal from First district court.

Action by Solomon Levy against the American Wax & Paper Manufacturing Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

William Victor Goldberg, for appellant.
Samuel Greenbaum, for respondent.

PER CURIAM. The order first given to the plaintiff for Japan wax described the article as "prime," and the bill rendered by the plaintiff therefor described it in similar terms. We think that this

constituted a warranty that the goods sold were of that quality. Zabriskie v. Railroad Co., 131 N. Y. 72, 29 N. E. 1006. As all of the subsequent orders given referred expressly to the previous one, the warranty extended also to the goods thus sold. It appears that the wax in question was grossly adulterated, and was not prime Japan wax. The defendant was therefore entitled to recover such damages as it might be able to prove under its counterclaim founded upon the warranty. As it was not permitted to do so, the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.